

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE PUBLICATION PAPER<br>ANTITRUST LITIGATION | MDL Docket No. 1631 |

**DEFENDANTS' CONSOLIDATED RESPONSE IN OPPOSITION TO MOTIONS FOR TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST ACTIONS PURSUANT TO 28 U.S.C. § 1407 BY PLAINTIFF AUSTIN PRINTING COMPANY, INC. TO THE EASTERN DISTRICT OF WISCONSIN AND BY PLAINTIFF MMP BALA, INC. TO THE WESTERN DISTRICT OF WASHINGTON**

Defendants International Paper Company, MeadWestvaco Corporation, Norske Skog North America LLC, Norske Skog (USA), Inc., Norske Skog Canada Limited, Norske Skog Canada (USA), Inc., Stora Enso North America Corporation, M-real USA Corporation, Madison International Sales Company, Bowater Incorporated and S.D. Warren Company (collectively "Served Defendants") submit this consolidated response in opposition to, respectively,

(1) Plaintiff Austin Printing Company, Inc.'s ("Austin Printing") Motion For Transfer And Consolidation Of Related Antitrust Actions To The Eastern District of Wisconsin; and

(2) Plaintiff MMP Bala, Inc.'s ("MMP Bala") Motion For Transfer And Consolidation Of

Related Antitrust Actions To The Western District of Washington (collectively "Plaintiffs").[1]

On July 15, 2004, the Served Defendants filed a response supporting Plaintiff Charles J. Gardella, Jr.'s June 25, 2004 motion to transfer and consolidate the related federal antitrust actions to the District of Connecticut. The District of Connecticut remains the most convenient and efficient forum for this litigation.

## ARGUMENT

### I. Consolidation For Discovery Purposes And To Promote The Just And Efficient Conduct Of This Litigation Is Appropriate

Transfer and consolidation of multiple civil actions for coordinated pretrial proceedings is appropriate where cases "involve one or more common questions of fact," and where transfer furthers the interests of convenience to the parties and witnesses and promotes the just and efficient conduct of the cases. *See* 28 U.S.C. § 1407. The Served Defendants agree with Plaintiffs that the requirements for transfer and consolidation are met here. *See* Austin Printing's Mem. at 3-4 (citations omitted); MMP Bala's Mem. at 2-4 (citations omitted). The Served Defendants oppose Austin Printing's and MMP Bala's respective motions to transfer and

---

[1] This joint memorandum is not filed on behalf of Defendants Metsälitto Cooperative, M-real Corporation, Norske Skogindustrier ASA, and Sappi Ltd., none of which has been served with a complaint in connection with the *In re Publication Paper Antitrust Litigation* cases, Defendant Norske Skog (USA) Holdings, Inc., which no longer exists, or Defendant Metsälitto Group, which is not a legal entity and, therefore, will not be appearing in these cases. In addition, this joint memorandum is not filed on behalf of Defendants Myllykoski Corporation, Stora Enso Oyj, and UPM-Kymmene Corporation.

For purposes of this joint memorandum, "Served Defendants" means Defendants who have been or expect to be served in *Technolith, Inc. and Charles Gardella, Jr. v. International Paper Co., et al.*, No. 3:04-CV-935-SRU (filed June 30, 2004). The term "Served Defendants" does not mean that each of the Defendants listed has been served, or even named as a defendant, in all of the related federal antitrust cases cited in Plaintiffs' motions. For example, Bowater Incorporated, M-real USA Corporation, MeadWestvaco Corporation, and Madison International Sales Company are not named as defendants in *Austin Printing Company, Inc. v. International Paper Co., et al.*, 2:04-CV-0668-JPS (E.D. Wisc.), and neither Bowater Incorporated nor MeadWestvaco Corporation is named as a defendant in *Newtown Business Forms Corporation v. International Paper Co., et al.*, 0:04-CV-3035-ADM/AJB (D. Minn.).

consolidate the related federal antitrust actions[2] to either the Eastern District of Wisconsin or the Western District of Washington, however, because the District of Connecticut is the most convenient and efficient forum for this litigation.

## II.   The District Of Connecticut, Not Wisconsin or Washington, Is The Proper Forum For This Litigation

The District of Connecticut is the most appropriate transferee forum for this litigation to proceed. It has the capacity and expertise to manage this multidistrict litigation. Moreover, the first two of the purported federal class actions, *Technolith/Gardella* and *Weiss*, were filed in the District of Connecticut, where the largest number of cases is currently pending (five of the pending thirteen related federal antitrust actions).[3] And neither of the Plaintiffs seeking transfer and consolidation to a forum other than Connecticut is located in the district their counsel proposed—Austin Printing is located in Akron, Ohio (not Wisconsin), and MMP Bala is located in Pennsylvania (not Washington).

Although Austin Printing argues that the presence of International Paper Company ("IP") and Stora Enso North America Corporation ("SENA") in Wisconsin makes the Eastern District

---

[2]   Both Austin Printing and MMP Bala referenced the following related cases in their motions: the *Austin Printing* case; *Larry Weiss v. International Paper Co., et al.*, Case No. 3:04-CV-974-CFD (D. Conn.); *Technolith, Inc. and Charles Gardella, Jr. v. International Paper Co., et al.*, No. 3:04-CV-935-SRU; *Acorn/Parliament Paper, Inc., et al.*, No. 3:04-CV-1077-SRU (D. Conn.); *T&W Printing, Inc. v. International Paper Co., et al.*, No. 4:04-CV-2428-CW (N.D. Cal.); *Newtown Business Forms Corporation v. International Paper Co., et al.*, No. 0:04-CV-3035 (D. Minn.); *Three Z Printing Company v. International Paper Co., et al.*, No. 4:04-CV-4110-JPG (S.D. Ill.); *Nies Artcraft Companies Inc. v. International Paper Co., et al.*, No. 3:04-CV-455-MJR (S.D. Ill.); *MMP Bala, Inc. v. International Paper Co., et al.*, No. 2:04-CV-1496-RSL (W.D. Wash.).

[3]   In addition to the three related actions in the District of Connecticut identified by Plaintiffs (i.e., Acorn/Parliament, Weiss and Technolith/Gardella), two more cases were subsequently filed in the District of Connecticut: *Hyman (formerly d/b/a Woodford Publishing, et al.) v. International Paper Co. et al.*, No. 3:04-CV-1155-SRU, on July 14, 2004; and *Reynolds, d/b/a North Star Printing Co. v. International Paper Co., et al.*, 3:04-CV-1258-SRU, on July 28, 2004. Moreover, an additional case was filed in the District of Massachusetts on July 15, 2004, *Custom Printing of Willmar v. International Paper Co., et al.*, 04-CV-11583-GAO. In light of these additional cases in the Northeast, particularly in Connecticut, Austin Printing's assertion that the greatest number of cases on file are pending in the "Midwest" – all but one case outside of the Eastern District of Wisconsin – is incorrect. *See* Austin Printing's Mem. at 7.

of Wisconsin the most convenient forum for this litigation (*see* Austin Printing's Mem. at 7-8 (citations omitted)), the District of Connecticut is more convenient, even for those two Defendants. IP is headquartered in Stamford, Connecticut. SENA's sales office for its Northeast Region is located in Stamford and it has another significant sales office located nearby in New York City.

Similarly, MMP Bala asserts that the Western District of Washington is the more appropriate forum for transfer and consolidation of all related cases because Norske Skog North America, LLC and Norske Skog Canada (USA), Inc. have their principal places of business in Seattle. *See* MMP Bala's Mem. at 8-9 (citations omitted). MMP Bala additionally asserts that because Norske Skog Canada Limited is principally located in Vancouver, BC, 140 miles from Seattle, this somehow makes the Western District of Washington the most convenient forum for all the parties in the related cases. *See* MMP Bala's Mem. at 9. MMP Bala fails to even address the issue of convenience regarding the seventeen other named defendants in its action. Madison International Sales Company and International Paper, for example, have no facilities or employees in Washington; M-real Corporation has no presence in Washington; Stora Enso North America has no facilities or sales offices located in Washington; MeadWestvaco Corporation has only one employee with job duties related to publication paper in Washington; and Norske Skogindustrier ASA, Stora Enso Oyj, Sappi Limited, Metsällito Cooperative, and Myllykoski Corporation are foreign entities with no physical operations in the United States.

MMP Bala and Austin Printing both ignore the fact that all Served Defendants have already agreed and asserted that the appropriate venue for the consolidated actions is the District of Connecticut. *See* Defendants' Joint Memorandum in Response to Plaintiff's Motion for Transfer and Consolidation of Related Antitrust Actions Pursuant to 28 U.S.C. § 1407 before the

Judicial Panel on Multidistrict Litigation in *In re Publication Paper Antitrust Litigation,* pending Docket No. 1631, filed July 15, 2004. That is because a majority of the Served Defendants have offices and sales facilities located in Connecticut, but not in Wisconsin or Washington. For example, M-real USA Corporation's principal place of business is in Norwalk, Connecticut. Madison International Sales Company operates its principal place of business in Norwalk, Connecticut, and has no facilities or employees in Wisconsin or Washington. MeadWestvaco is headquartered in Stamford, Connecticut. Norske Skog (USA), Inc. maintains its principal place of business in Southport, Connecticut. While Norske Skog North America, LLC, a small sales and sales support company, is based in Seattle, it also has sales and support operations in Southport, Connecticut. Thus, a majority of documents and witnesses in this litigation are more likely to be located in or near Connecticut, not Wisconsin or Washington, rendering the District of Connecticut the most convenient forum for this litigation

Moreover, MeadWestvaco, Madison International, Bowater, Metsällito Group, Metsällito Cooperative, M-real Corporation, M-real USA Corporation, and Myllykoski Corporation are not even defendants in the *Austin Printing* case. Austin Printing sued twelve companies, including one (Norske Skog USA Holdings, Inc.) that no longer exists. Yet it proposes to hale twenty defendants into the Eastern District of Wisconsin even though nearly half of them are not parties to its complaint, but are named as defendants in the Connecticut cases.

Indeed, Plaintiffs in Austin Printing and MMP Bala can offer little reason to prefer Wisconsin or Washington over Connecticut other than comparisons between the caseloads of the two districts. But the statistics cited by Austin Printing and MMP Bala are not the whole story. *See* Austin Printing's Mem. at 4-5 (citations omitted); MMP Bala's Mem. at 8 (citations omitted). While Connecticut has five pending MDL dockets, none of them is assigned to Judge

Underhill, to whom all of the pending cases in the District of Connecticut in this matter have been assigned and/or transferred. Further, the statistics concerning cases per active judgeship can be misleading. Although Connecticut has only eight active judgeships, it relies heavily on five senior district judges, rendering the caseload per judge substantially lower than the statistics might otherwise suggest. Conversely, for example, the Eastern District of Wisconsin has only one senior district judge to mitigate the pressures its docket brings to bear on only five active judges. Similarly, the median statistics for disposition of cases in the Western District of Washington has little predictive value for the speed of disposition of any particular case, especially a case as complex as this one. Accordingly, the cited statistics notwithstanding, the Eastern District of Wisconsin and the Western District of Washington are not more suitable forums, and the District of Connecticut will be able to handle these matters as effectively.

### III. Nor Is California The Appropriate Forum, As Plaintiff T&W Printing Argues

The Served Defendants also oppose Plaintiff T&W Printing, Inc.'s request for transfer of the related cases to the Northern District of California (which is contained in its Response in Opposition to Plaintiff Charles Gardella's Motion to Transfer to the District of Connecticut). The District of Connecticut is the most convenient and efficient forum for this litigation, not the Northern District of California. T&W Printing has failed to demonstrate that any relevant documents or witnesses are located in California. Indeed, T&W Printing, which is based in Kentucky, is not even located there. Instead, T&W Printing argues that the Northern District of California is the most convenient forum because it is served by international airports. But Connecticut is also served by international airports. Moreover, given that so many parties are located in Connecticut, as well as the fact that this litigation arose out of an investigation conducted in Europe where several of the named defendants are located, Connecticut will be a

more convenient destination than California for nearly all of the parties. In fact, the California attorneys who filed the first action in *Technolith/Gardella* selected the District of Connecticut, not California, as the appropriate forum.

Nor does the pendency of indirect purchaser actions in San Francisco Superior Court establish the Northern District of California as the most appropriate forum. The Served Defendants agree with T&W Printing that discovery should be coordinated among all state and federal actions, but discovery can be coordinated just as easily if the federal actions are transferred to the District of Connecticut. As the cases cited by T&W Printing demonstrate, the pendency of parallel state court actions would only support transfer of federal actions to the same state if that state was also the probable location of relevant documents and witnesses. *See In re Bomb Disaster at Roseville, Calif.*, 399 F. Supp. 1400 (J.P.M.L. 1975) (actions transferred to California because California was the situs of disaster giving rise to parallel state and federal litigation); *In re Air Crash Disaster at Fla. Everglades*, 360 F. Supp. 1394 (J.P.M.L. 1973) (same). T&W Printing has made no such showing, and given the presence of the parties in Connecticut, relevant documents and witnesses are far more likely to be located there than in California.

## CONCLUSION

The Served Defendants oppose Plaintiffs' respective motions to transfer and consolidate the related actions to either the Eastern District of Wisconsin or the Western District of Washington and reaffirm their previously stated position that the District of Connecticut is the proper forum for this litigation.

Dated: August 9, 2004

_____
Joseph A. Ostoyich
Howrey Simon Arnold and White, LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004-2402
(202) 383-7241
(202) 383-6610 (facsimile)
Counsel for Defendant MeadWestvaco Corporation

David Marx, Jr.
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
(312) 372-2000
(312) 984-7700 (facsimile)
Counsel for Defendant Stora Enso North America Corporation

Kenneth W. Ritt
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300
(203) 977-7301 (facsimile)
Counsel for Defendant Madison International Sales

Michael E. Lackey, Jr.
Mayer, Brown, Rowe and Maw LLP
1909 K Street, NW
Washington, DC 20006-1101
(202) 263-3000
(202) 263-3300 (facsimile)
Counsel for Defendant Bowater Incorporated

Daniel W. Nelson
Gibson Dunn and Crutcher LLP
1050 Connecticut Ave., NW
Washington, DC 20036
(202) 955-8500
(202) 467-0539 (facsimile)
Counsel for Defendant International Paper Co.

Mark Cunha
Edward D. Hassi
Simpson Thacher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017-3954
(212) 455-3382
(212) 455-2502 (facsimile)
Counsel for Defendant M-real USA Corporation

Kenneth M. Kramer
Shearman and Sterling LLP
599 Lexington Ave.
New York, NY 10022-6069
(212) 848-4000
(212) 848-7179 (facsimile)
Counsel for Defendant Norske Skog (USA), Inc.

Jesse W. Markham, Jr.
Morrison and Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
(415) 268-7522 (facsimile)
Counsel for Defendants Norske Skog Canada
Limited and Norske Skog Canada (USA) Inc.

Hugh F. Bangasser
Preston, Gates & Ellis, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(415) 268-7000
(415) 268-7522 (facsimile)
Counsel for Defendant Norske Skog NA, LLC

Mark R. Merley
Arnold and Porter, LLP
555 Twelfth St., NW
Washington, DC 20004-1206
(202) 942-5000
(202) 942-5999 (facsimile)
Counsel for Defendant S.D. Warren Company

## CERTIFICATE OF SERVICE

I, Joseph A. Ostoyich, on behalf of Defendants MeadWestvaco Corporation, International Paper Company, Norske Skog North America LLC, Norske Skog (USA), Inc., Norske Skog Canada Limited, Norske Skog Canada (USA), Inc., Stora Enso North America Corporation, M-real USA Corporation, Madison International Sales Company, Bowater Incorporated and S.D. Warren Company (collectively "Served Defendants"), certify that true and correct copies of the following documents were served on the counsel, parties of record and Courts on the attached **Service List** on August 9, 2004 by the mode of delivery specified on the service list:

- Defendants' Consolidated Response In Opposition To Motions For Transfer And Consolidation Of Related Antitrust Actions Pursuant To 28 U.S.C. § 1407 By Plaintiff Austin Printing Company, Inc. To The Eastern District Of Wisconsin And By Plaintiff MMP Bala, Inc. To The Western District Of Washington; and

- Certificate of Service.

Pursuant to Panel Rule 5.2, Defendant states that it is not serving the following foreign defendants with these documents:

Stora Enso Oyj
Norske Skogindustrier ASA;
Norske Skog Canada Limited;
Sappi Limited;
Metsälitto Group;
Metsälitto Cooperative;
M-Real Corporation;
Myllykoski Corporation.

DATE: August 9, 2004

By: _____
Joseph A. Ostoyich
Howrey Simon Arnold and White, LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004-2402
(202) 383-7241
(202) 383-6610 (facsimile)
Counsel for Defendant MeadWestvaco Corporation

SERVICE LIST
IN RE PUBLICATION PAPER ANTITRUST LITIGATION
MDL DOCKET NO. 1631

**PLAINTIFF AUSTIN PRINTING COMPANY, INC.** (via Federal Express)

W. Joseph Bruckner
Richard A. Lockridge
Charles N. Nauen
Darla Jo Boggs
Sunny H. Kim
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**PLAINTIFF MMP BALA, INC.** (via Federal Express)

Steve W. Berman
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Krishna B. Narine
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza, Suite 400
Bala Cynwyd, PA 19004

Isaac L. Diel
DIEL & SEELMAN, P.C.
4121 W. 83rd Street, Suite 254
Prairie Village, Kansas 66208

Daniel R. Karon
WEINSTEIN, KITCHENOFF, SCARLATO, KARON & GOLDMAN, LTD.
55 Public Square, Suite 1500
Cleveland, Ohio 44113-1998

**DOMESTIC DEFENDANTS' COUNSEL** (via U.S. Mail)

David Marx, Jr.
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606-5096
Counsel for Defendant Stora Enso North America Corporation

Kenneth W. Ritt
DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, CT 06901
Counsel for Defendant Madison International Sales

Michael E. Lackey, Jr.
MAYER, BROWN, ROWE AND MAW LLP
1909 K Street, NW
Washington, DC 20006-1101
Counsel for Defendant Bowater Incorporated

Daniel W. Nelson
GIBSON DUNN AND CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, DC 20036
Counsel for Defendant International Paper Co.

Edward D. Hassi
SIMPSON THACHER & BARTLETT, LLP
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Defendant M-Real USA Corporation

Kenneth M. Kramer
SHEARMAN AND STERLING LLP
599 Lexington Ave.
New York, NY 10022-6069
Counsel for Defendant Norske Skog (USA), Inc.

Jesse W. Markham, Jr.
MORRISON AND FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Counsel for Defendants Norske Skog Canada Limited and Norske Skog Canada (USA) Inc.

Hugh F. Bangasser
PRESTON, GATES & ELLIS, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Counsel for Defendant Norske Skog NA, LLC

Mark R. Merley
ARNOLD AND PORTER, LLP
555 Twelfth St., NW
Washington, DC 20004-1206
Counsel for Defendant S.D. Warren Company

John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Counsel for UPM-Kymmene, Inc.

**PLAINTIFFS' COUNSEL IN RELATED ACTIONS** (via U.S. Mail)

**Counsel for Plaintiffs in *Technolith/Gardella* Action**

Thomas P. Dove
THE FURTH FIRM LLP
225 Bush Street
San Francisco, CA 94104

**Counsel for Plaintiffs in *Weiss* Action**

Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
SCHATZ & NOBEL, P.C.
One Corporation Center
Suite 1700
20 Church Street
Hartford, CT 06103

Leonard Barrack
Mark R. Rosen
Jefferey B. Gittleman
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

H. Laddie Montague, Jr.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Richard L. Creighton, Jr.
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, OH 45202

Warren Rubin
LAW OFFICES OF BERNARD M. GROSS, P.C.
1515 Locust Street, 2nd Floor
Philadelphia, PA 19102

**Counsel for Plaintiffs in *T&W Printing* Action**

Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT
2280 Union Street
San Francisco, CA 94123

Joseph M. Patane
LAW OFFICES OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA 94123

Francis O. Scarpulla
LAW OFFICES OF FRANCIS O. SCARPULLA
44 Montgomery Street, Suite 3400
San Francisco, CA 94104

**Counsel for Plaintiffs in *Newtown Business Forms* Action**

W. Joseph Bruckner
Darla Jo Boggs
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

**Counsel for Plaintiffs in *Three Z Printing Co. & Nies Artcraft* Actions**

Mary Jane Edelstein Fait
WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ, LLP
656 West Randolph Street – Suite 500 W
Chicago, IL 60661

John A. Kilo
KILO, FLYNN, BILLINGSLEY, TRAME & BROWN, PC
5840 Oakland Avenue
St. Louis, MO 63110

**Counsel for Plaintiffs in *Acorn/Parliament Paper* Action**

David R. Schaefer
Brian P. Daniels
BRENNER, SALTZMAN & WALLMAN, LLP
271 Whitney Avenue
New Haven, CT 06511

Steven J. Greenfogel
Daniel B. Allanoff
MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.
117 S. 17th Street, 22nd Floor
Philadelphia, PA 19103

Robert A. Skirnick
MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.
One Liberty Plaza
35th Floor
New York, NY 10006

Steven A. Kanner
William H. London
Douglas A. Millen
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive
Suite 1800
Chicago, IL 60606

Ira N. Richards
TRUJILLO RODRIGUEZ & RICHARDS, LLP
The Penthouse
226 W. Rittenhouse Square
Philadelphia, PA 19103

Andrew B. Sacks
John K. Weston
SACKS, WESTON, SMOLINSKY, ALBERT & LUBER
510 Walnut Street
Philadelphia, PA 19106

**Counsel for Plaintiffs in *Hyman* Action**

Andrew M. Schatz
Jeffrey S. Nobel
Eric L. Palmquist
SCHATZ & NOBEL, P.C.
One Corporation Center, Suite 1700
20 Church Street
Hartford, CT 06103

George Frost
Bruce Wecker
HOSIE FROST LARGE & MCARTHUR
One Market
Spear Street Tower, 22nd Floor
San Francisco, CA 94105

**Counsel for Plaintiffs in *Service Web Offset* Action**

James B. Sloan
PEDERSEN & HOUPT, P.C.
161 North Clark Street, Suite 3100
Chicago, IL 60601-3242

Robert N. Kaplan
Richard J. Kilsheimer
Jason A. Zweig
Matthew P. McCahill
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
New York, NY 10022

William T. Gotfryd
SUSMAN & WATKINS
Two First National Plaza
20 South Clark Street, Suite 600
Chicago, IL 60603

**Counsel for Plaintiffs in *Reynolds* Action**

Andrew M. Schatz
Eric L. Palmquist
SCHATZ & NOBEL, P.C.
One Corporation Center, Suite 1700
20 Church Street
Hartford, CT 06103

Michael P. Lehmann
Thomas P. Dove
Christopher L. Lebsock
Jon T. King
THE FURTH FIRM LLP
225 Bush Street
San Francisco, CA 94104

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111-5630

**Counsel for Plaintiffs in *Custom Printing* Action**

Peter A. Pease
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA 02019

Samuel D. Heins
Vincent J. Esades
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

**COURTS (via U.S. Mail)**

Clerk of Court
U.S. District Court, District of Connecticut
Bridgeport Courthouse
915 Lafayette Boulevard
Bridgeport, CT 06604

Clerk of Court
U.S. District Court, Northern District of California
450 Golden Gate Avenue – 16th Floor
San Francisco, CA 94102

Clerk of Court
U.S. District Court, District of Minnesota
700 Federal Building
316 North Robert Street
St. Paul, MN 55101

Clerk of Court
U.S. District Court, Eastern District of Wisconsin
362 United States Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202

Clerk of Court
U.S. District Court, Southern District of Illinois
301 Main Street
Benton, IL 62812

Clerk of Court
U.S. District Court, Western District of Washington
1010 Fifth Avenue
Seattle, WA 98104

Clerk of Court
U.S. District Court, Northern District of Illinois
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604

Clerk of Court
U.S. District Court, District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210