

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:<br><br>PUBLICATION PAPER ANTITRUST<br>LITIGATION | MDL DOCKET NO. 1631 |

**PLAINTIFF ICS CORPORATION'S
MOTION FOR TRANSFER AND CONSOLIDATION
OF RELATED ANTITRUST ACTIONS PURSUANT TO 28 U.S.C. § 1407**

ICS Corporation, plaintiff in *ICS Corporation v. International Paper Company, et al.*,[1] Case No. 3:04-CV-01303-SRU (D. Conn.), respectfully moves this Panel, pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, to transfer all pending and yet-to-be-filed federal antitrust actions arising out of a conspiracy to fix, raise, maintain or stabilize prices for Publication Paper sold in the United

---

[1] The full caption of this action is *ICS Corporation, on behalf of itself and all others similarly situated v. International Paper Company; Meadwestvaco Corporation; UPM-Kymmene Oyj; UPM-Kymmene, Inc.; Sappi Limited; S.D. Warren Company; Stora Enso Oyj; Stora Enso North America Corporation; Norske Skogindustrier ASA; Norske Skog North America, LLC; Norske Skog (USA) Holdings, Inc.; Norske Skog Canada Limited; M-Real Oyj; M-Real USA Corporation; Metsalitto Group Oyj; Metsalitto Cooperative; Myllykoski Corporation; Madison International Sales Company; and Bowater, Inc.*

343703.3

States to the United States District Court for the District of Connecticut for pretrial coordination and consolidation.[2] As discussed below and in the accompanying Memorandum, the pending actions listed in the accompanying Schedule of Actions (the "Related Cases"), attached hereto as Exhibit A, assert common questions of fact and law, and consolidation or coordination of the Related Cases will promote efficiency and convenience to the parties, the witnesses, and the courts. The requirements for transfer and consolidation are thereby satisfied.

In support of this motion, ICS Corporation states as follows:

1. ICS Corporation is the named plaintiff ("Plaintiff") in *ICS Corporation v. International Paper Company, et al.*, Case No. 3:04-CV-01303-SRU (D. Conn.) ("the ICS Action"). A true and correct copy of the First Amended Complaint ("Complaint") in that action is attached hereto as Exhibit B. Plaintiff asserts, on behalf of itself and all others similarly situated, that it was injured as a result of Defendants' conspiracy to fix, raise, maintain or stabilize prices for magazine paper sold in the United States and worldwide. The allegations of Plaintiff's Complaint refer in large part to investigations by international antitrust authorities, first announced on May 25, 2004, into price-fixing in the market for magazine paper worldwide.

2. Counsel for ICS Corporation are aware of fifteen similar federal actions arising from Defendants' conspiracy. These actions contain similar factual allegations and seek damages from common defendants. Pursuant to Rule of Procedure of the Judicial Panel on

---

[2] The Defendants ("Defendants") are nineteen companies that manufacture, market, sell or distribute magazine paper in the United States and elsewhere. Nine of the defendants are foreign companies: Norske Skog Canada Limited (Vancouver, Canada); Metsalitto Cooperative (Espoo, Finland); Metsalitto Group Oyj (Espoo, Finland); Myllykoski Corporation (Helsinki, Finland); Stora Enso Oyj (Helsinki, Finland); UPM-Kymmene Oyj (Helsinki, Finland); Norske Skogindustrier ASA (Lysaker, Norway); M-Real Oyj (Metsa, Finland); and Sappi Limited (Johannesburg, South Africa) ("Foreign Defendants"). Ten of defendants are United States companies: Stora Enso North America Corporation (Wisconsin Rapids, Wisconsin); S.D. Warren Company (Boston, Massachusetts); UPM-Kymmene, Inc. (New York, New York); Madison International Sales Company (Norwalk, Connecticut); M-Real USA Corporation (Norwalk, CT and Wayne, N.J.); Norske Skog (USA) Holdings, Inc. (Southport, Connecticut); International Paper Company (Stamford, Connecticut); Meadwestvaco Corporation (Stamford, Connecticut); Norske Skog North America, LLC (Seattle, Washington); and Bowater, Inc. (Greenville, South Carolina) ("U.S. Defendants").

Multidistrict Litigation 7.2(a)(ii), Plaintiff has attached a Schedule of Actions identifying all pending related federal actions of which ICS Corporation is aware. See Schedule of Actions, attached hereto as Exhibit A.

3. The Related Cases make similar factual allegations and requests for relief as to Defendants' anticompetitive conduct in the market for Publication Paper. Each complaint is based on the investigations by United States and European antitrust authorities into that market. Each of the Related Cases also assert similar legal theories. Each case asserts violation of the Sherman Act, § 1, or analogous state antitrust laws. Each of the Related Cases seek certification of a nationwide class of purchasers of Publication Paper sold in the United States.

4. Discovery in each of the Related Cases will be substantially similar and will involve the same or similar documents and witnesses because each case arises from virtually the same operative facts.

5. All of the Related Cases filed outside of the District of Connecticut are in the beginning stages of litigation, and no prejudice or inconvenience will result from transfer, coordination and/or consolidation of the cases at this time. The most advanced actions are pending in the District of Connecticut. In several of those cases, motions to dismiss and motions for class certification are pending. Absent transfer of all of these cases to a single forum for coordinated or consolidated pretrial proceedings, there is a substantial risk of inconsistent pretrial rulings on discovery and other key issues, including class certification. Early transfer and coordination or consolidation of pretrial proceedings in the District of Connecticut in these actions will promote the convenience of the parties and witnesses and help to ensure the just and efficient conduct of the litigation. Transfer and coordination or consolidation in the District of Connecticut will result in a significant savings of time and expense and the development of a

343703.3

consistent body of law regarding litigation arising out of the Defendants' anticompetitive conduct.

6. Many of the witnesses and documents that are likely to be the subject of discovery in this action are located in the District of Connecticut. Eight of the Related Cases, including the most procedurally advanced cases, are pending in the District of Connecticut. Five of the ten United States Defendants' principal places of business are located in the District of Connecticut, and two other United States Defendants' principal places of business are located in neighboring Massachusetts and New York.

7. Plaintiffs in three other Related Cases and Defendants support transfer and consolidation of these actions in the District of Connecticut.

8. These cases are well-suited for transfer and consolidation, and the District of Connecticut is the most appropriate Transferee District for this litigation.

WHEREFORE, for the reasons asserted herein and in the accompanying Memorandum of Law, ICS Corporation respectfully requests that the Panel transfer the Related

Cases, together with any other related actions subsequently filed or presently unknown to those bringing this motion, to the United States District Court for the District of Connecticut for pretrial consolidation and coordination.

Dated: August 27, 2004

Respectfully submitted by,

*/s/ Robert G. Eisler*

Robert G. Eisler
Elizabeth H. Cronise
Jennifer Gross
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue
48th Floor
New York, NY 10017
Telephone: (212) 355-9500

Joseph Garrison
Ethan Levin-Epstein
GARRISON LEVIN-EPSTEIN CHIMES
    & RICHARDSON, P.C.
405 Orange Street
New Haven, CT 06511
Telephone: (203) 777-4425

James B. Brown
HERUM CRABTREE BROWN
2291 West March Lane, Suite B100
Stockton, CA 95207
Telephone: (209) 472-7700

Natalie Finkelman Bennett
SHEPHERD FINKELMAN MILLER &
SHAH
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880

343703.3

>Kim D. Stephens
>Beth Terrell
>TOUSLEY BRAIN STEPHENS, PLLC
>700 Fifth Avenue, Suite 5600
>Seattle, WA 98104-5056
>Telephone: (206) 682-5600

Attorneys for Plaintiff in <u>ICS Corporation v. International Paper Company, et al.</u>,
Case No. 3:04-CV-01303-SRU (D. Conn.)

343703.3