BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:<br><br>PUBLICATION PAPER ANTITRUST LITIGATION | MDL DOCKET NO. 1631 |

**PLAINTIFF ICS CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR TRANSFER AND CONSOLIDATION OF
<u>RELATED ANTITRUST ACTIONS UNDER 28 U.S.C. § 1407</u>**

ICS Corporation ("Plaintiff"), plaintiff in *ICS Corporation v. International Paper, et al.*, Case No. 3:04-CV-01303-SRU ("the ICS Action") submits this Memorandum Of Law In Support of its Motion for Transfer and Consolidation of Related Antitrust Actions Pursuant to 28 U.S.C. § 1407. For the reasons stated in Plaintiff's Motion and below, transfer and consolidation of related Publication Paper antitrust actions would serve the dual goals of justice and efficiency, and the United States District Court for the District of Connecticut is the most appropriate forum for consolidation.

341331.4

## FACTS

On May 25, 2004, European Union antitrust authorities raided the facilities of Defendants UPM-Kymmene Oyj, Stora Enso Oyj, Metsalitto Group Oyj and M-Real Oyj in Finland and Norske Skogindustrier ASA in Norway. The raids were conducted in cooperation with Canadian and United States antitrust authorities, as part of a joint investigation of a suspected illegal cartel in the market for magazine paper. Officials also raided the European headquarters of Defendant Sappi Limited, a South African producer of magazine paper. Defendant UPM-Kymmene Oyj agreed to cooperate with Canadian and European Union authorities in exchange for conditional immunity. The United States Department of Justice announced a domestic investigation of International Paper Company on the same day.

Two weeks later, a class action complaint was filed in the United States District Court for the District of Connecticut, alleging, *inter alia*, that Defendants conspired to fix the price of publication paper in violation of Section 1 of the Sherman Act.[1] Within the next three months, sixteen similar complaints (the "Related Cases") were filed in eight federal districts, including eight filed in the District of Connecticut. *See* Exhibit A to Plaintiff ICS Corporation's Motion for Transfer and Consolidation of Related Antitrust Actions Pursuant to 28 U.S.C. § 1407 (hereinafter "Exhibit A"). All of those complaints arise out of the same set of facts, assert the same or similar legal theories and request the same or similar relief. In all of the Related Cases, the District Court will be asked to determine, *inter alia*, the following common factual issues:

> a. Whether Defendants and their co-conspirators engaged in a combination and conspiracy among themselves to fix, raise, maintain or stabilize prices of Publication Paper sold in the United States;

---

[1] *Gardella v. International Paper Co., et al.*, Case No. 3:04-CV-00935-SRU (D. Conn.) (filed June 8, 2004) (hereinafter "*Gardella*" or "the *Gardella* action").

    b.       Whether Defendants and their co-conspirators engaged in a combination and conspiracy among themselves to allocate customers or markets for Publication Paper sold in the United States;

    c.       The identity of the participants in the conspiracy;

    d.       The nature and character of the acts performed by Defendants and their co-conspirators in furtherance of the conspiracy;

    e.       The duration of the conspiracy;

    f.       Whether the alleged conspiracy violated Section 1 of the Sherman Act; and

    g.       The effect of Defendants' conspiracy on the prices of Publication Paper.

While all of the Related Cases assert the same or similar claims arising from the same set of facts, the most procedurally advanced cases are, as discussed further herein, currently pending in the District of Connecticut. The headquarters of the United States subsidiaries of most of the international defendants are located in the District of Connecticut, which is also the headquarters of the largest domestic defendant, International Paper Company.

Plaintiff respectfully submits that transfer and consolidation of the Related Cases identified in Exhibit A is appropriate, and that the most appropriate Transferee District is the District of Connecticut.

## ARGUMENT

Plaintiff joins with plaintiffs in the first two filed cases, *Gardella* and *Weiss*,[2] with plaintiff Acorn/Parliament, Inc.,[3] and with Defendants in supporting transfer and consolidation of all Publication Paper cases in the District of Connecticut. Transfer and consolidation of these

---

[2] *Weiss v. International Paper Co., et al.*, Case No. 3:04-CV-00974-SRU (filed June 15, 2004) (hereinafter "*Weiss*" or "the *Weiss* action").

[3] *Acorn/Parliament Inc. v. International Paper Co., et al.*, Case No. 3:04-CV-01077-SRU (filed July 1, 2004).

cases, which share "common questions of fact," is warranted to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The most appropriate court for transfer is an efficient forum whose location is convenient to the parties and witnesses. *Id.* The District of Connecticut is that Transferee District in this case.

I.  **THE DISTRICT OF CONNECTICUT IS THE MOST APPROPRIATE FORUM FOR TRANSFER OF THE RELATED CASES.**

All parties who have submitted papers to the Panel in this matter agree that the related Publication Paper antitrust cases should be coordinated to avoid duplicative proceedings in different courts; the only outstanding question is where.

Section 1407 provides for transfer to a single district "for the convenience of parties and witnesses." 28 U.S.C. § 1407. Plaintiff ICS Corporation respectfully submits that the most appropriate district for transfer of the related cases is the United States District Court for the District of Connecticut. Eight of the sixteen cases brought thus far are already pending in the District of Connecticut, half of the cases filed and more than three times the number of cases pending in any other venue. This fact weighs heavily in favor of transfer to the District of Connecticut. *See In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (where four of ten known related actions were filed in the District of Connecticut, transfer to the District of Connecticut was appropriate); *In re Carbon Black Antitrust Litig.*, 277 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (transfer to district where "the majority of the actions are pending"); *In re K-Dur Antitrust Litig.*, 176 F. Supp. 2d 1377, 1378 (J.P.M.L. 2001) (transfer to district where fourteen of thirty-two actions are pending). Furthermore, the first-filed and furthest advanced case, namely the *Gardella* action, is pending in front of Judge Underhill in the District of Connecticut. Motions to dismiss the *Gardella* action are pending on behalf of Defendants Meadwestvaco Corp. (filed July 14, 2004), International

Paper Co. (filed July 15, 2004), and S.D. Warren Co. (filed July 19, 2004). Plaintiff Gardella has filed oppositions to those motions (filed August 4, 2004, August 5, 2004 and August 9, 2004) and has also filed a motion for class certification (filed August 9, 2004). In addition, motions to dismiss have been filed by Defendants International Paper Co. (filed July 19, 2004) and S.D. Warren Co. (filed July 30, 2004) in the *Weiss* action also pending in the District of Connecticut. Oppositions to those motions to dismiss were filed on August 9, 2004 and August 13, 2004, respectively, and a motion for class certification was filed in the *Weiss* action on August 13, 2004. The advanced procedural posture of the *Gardella* and *Weiss* actions favors transfer to the District of Connecticut. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003).

The District of Connecticut is also convenient to the largest number of parties and witnesses, and the home of the vast majority of documents likely to be sought in discovery. The largest United States Defendant, International Paper, is located there. All but one of the European Defendants have a U.S. subsidiary in Connecticut, Massachusetts, or New York. Only one Defendant has a primary place of business located in the Midwest, and only one Defendant has a primary place of business located in the Pacific Northwest.

The Panel has previously granted transfer to the District of Connecticut in cases with parallel circumstances. In a case involving a similar geographic dispersion of European and United States defendants, the Panel recently held that "the District of Connecticut ... is a geographically convenient location, given the location of principal defendants and potential defendants/witnesses in the eastern part of the United States and in Europe...." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 277 F. Supp. 2d 1373, 1374 (J.P.M.L. 2003); *see also In re Parcel Tanker Shipping*, 296 F. Supp. 2d at 1371 (fact that one defendant

was located in the District of Connecticut, and that documents and witnesses were likely to be found there, weighed in favor of transfer to District of Connecticut); *In re Wireless Telephone Federal Cost Recovery Fees Litig.*, 293 F. Supp. 2d at 1380 (transfer to district within the metropolitan area in which the headquarters of a defendant and its affiliates were located, and thus significant discovery of witnesses and documents is likely to occur there); s*ee also In re K-Dur Antitrust Litig.*, 176 F. Supp. 2d at 1378 (transfer to New Jersey because defendants' "principal places of business are located in New Jersey [and] relevant documents and witnesses will likely be found there"). The same rationale supports transfer to the District of Connecticut in the instant litigation.

Finally, the District of Connecticut does not have a heavily burdened docket. In 2003, there were 345 filings per judgeship in the District of Connecticut. Of the ninety-four districts, the District of Connecticut is ranked 72. Judge Underhill is presiding over the eight related cases in the District of Connecticut. He has no other MDL actions on his docket. *See, e.g., In re Parcel Tanker Shipping Servs.*, 296 F. Supp. 2d at 1371 (relatively favorable caseload of District of Connecticut favored transfer of related actions to District of Connecticut).

## CONCLUSION

It is undisputed that transfer and consolidation of the related antitrust actions would promote efficient litigation of these cases and consistency. For all of the reasons stated

herein, the most appropriate Transferee District is the District of Connecticut, and Plaintiff ICS Corporation respectfully requests that the Panel grant its Motion for transfer and consolidation to that District pursuant to 28 U.S.C. § 1407.

Dated: August 27, 2004

*/s/ Robert G. Eisler*

Robert G. Eisler
Elizabeth H. Cronise
Jennifer Gross
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue
48th Floor
New York, NY 10017
Telephone: (212) 355-9500

Joseph Garrison
Ethan Levin-Epstein
GARRISON LEVIN-EPSTEIN CHIMES &
RICHARDSON, P.C.
405 Orange Street
New Haven, CT 06511
Telephone: (203) 777-4425

James B. Brown
HERUM CRABTREE BROWN
2291 West March Lane, Suite B100
Stockton, CA 95207
Telephone: (209) 472-7700

Natalie Finkelman Bennett
SHEPHERD FINKELMAN MILLER &
SHAH
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880

-8-

                                                Kim D. Stephens
                                                Beth Terrell
                                                TOUSLEY BRAIN STEPHENS, PLLC
                                                700 Fifth Avenue, Suite 5600
                                                Seattle, WA 98104-5056
                                                Telephone:  (206) 682-5600

Attorneys for Plaintiff in <u>ICS Corporation v. International Paper Company, et al.</u>,
Case No. 3:04-CV-01303-SRU (D. Conn.)

341331.4